UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PLAIN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al., | CIVIL ACTION NO. 2:19-CV-05086 |
| Plaintiffs, | JUDGE MICHAEL WATSON |
| v. | |
| MIKE DEWINE, et al., | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS SAMUEL J. FERRUCCIO, FRANK C. BRADEN, WILLIAM S. CLINE, AND DIMITRIOS POUSOULIDES'S MOTION TO DISMISS

**I.     INTRODUCTION**

Despite their pivotal role under Ohio Rev. Code § 3311.242 ("the Fast-Track Transfer Statute" or "R.C. 3311.242"), Defendants Samuel J. Ferruccio, Frank C. Braden, William S. Cline, and Dimitrios Pousoulides's (collectively, "Stark County" or "the Stark County Defendants") have filed a Motion to Dismiss claiming that they are not proper defendants in a lawsuit seeking to enjoin the implementation and enforcement of R.C. 3311.242. The Stark County Defendants are wrong. As set forth in Plaintiffs Plain Local School District Board of Education ("Plain Local Schools"), C.L., J.L., B.H., and C.H.'s (collectively, "Plaintiffs") First Amended Verified Complaint ("FAC"), Plaintiffs have standing to assert their claims against the Stark County Defendants, which claims are ripe for this Court's decision.

As explained in detail in Plaintiffs' Brief Regarding Ripeness and Standing, ECF Doc #: 19, the requirements of ripeness and standing are both satisfied here. Plain Local Schools and all of its students, including C.L., J.L., B.H., and C.H., face imminent injury from the adoption and execution of R.C. 3311.242, which vests electors in Eligible Townships, as defined in the statute,

with unfettered discretion to transfer from Plain Local Schools to an adjoining school district. Plain Local Schools has already received two transfer requests under the Fast-Track Transfer Statute, which have set in motion a chain of events that, absent injunctive relief, will inevitably result in the effectuation of the proposed transfers given: (1) the number of signatures on each transfer request; and (2) the mandatory language in the Fast-Track Transfer Statute, which divests everyone but the residents seeking to transfer—including the Stark County Defendants—of any discretion to prevent the transfer.[1]

If the Fast-Track Transfer Statute and any requests submitted pursuant to it are not enjoined, Stark County Defendants will, as they acknowledge, be compelled to act pursuant to the statute and place such requests on the ballot as early as the March 2020 election. Once approved by the electors, the Ohio State Board of Education will be forced to approve both transfers under the unconstitutional Fast-Track Transfer Statute.[2] The transfers sought in the requests submitted to Plain Local Schools under the statute will increase racial and socioeconomic isolation, and devastate Plain Local Schools' ability to provide adequate educational opportunities to its students.

The Stark County Defendants do not debate that Plaintiffs have suffered, and will continue to suffer, injury under the Fast-Track Transfer Statute. Instead, the Stark County Defendants question whether Plaintiffs' injury is traceable to, and redressable by, relief directed toward them.

---

[1] On October 29, 2019, the Law Director for Hills & Dales delivered a request to transfer the Village of Hills and Dales from Plain Local Schools to Jackson Schools (the "2019 Hills & Dales Request"). ECF Doc #: 18, PAGEID #: 126-127 at ¶ 14. On November 6, 2019, Plain Local Schools received another transfer request pursuant to R.C. § 3311.242 (the "Irondale Request"), seeking a transfer of properties located on Irondale Circle in North Canton, Ohio to North Canton Schools. *Id*. To the extent those petitions are procedurally flawed, any such defects can be corrected and do not alter the inevitable sequence of events under the Fast-Track Transfer Statute. Nor would any flaws in the petitions affect Plaintiffs' ability to satisfy the *Abbott Laboratories* factors governing ripeness in the context of pre-enforcement challenges. *See infra* at pp. 4-6.
[2] According to Hills & Dales, over 95% of Hills & Dales residents report that they will vote in favor of the transfer proposed in the 2019 Hills & Dales Request.

2

Because the Fast-Track Transfer Statute specifically applies to Plaintiffs and purports to impose express, mandatory duties on the Stark County Defendants, Plaintiffs' injury is fairly traceable to them and would be redressed by an injunction preventing the Stark County Defendants from performing the actions assigned to them by the Fast-Track Transfer Statute. Thus, the Stark County Defendants' contention that Plaintiffs lack standing has no merit.

Further, Plaintiffs' claims are ripe for this Court's decision because every event that is necessary for the Court to decide Plaintiffs' challenge to the constitutionality of the Fast-Track Transfer Statute has already occurred. Plaintiffs' claim that the Fast-Track Transfer Statute violates the U.S. and Ohio Constitutions, as well as two civil rights statutes, does not depend on any specific transfer or specific action by any party to this lawsuit. Thus, there is no reason for or value in delaying a decision; the issues are currently suitable for judicial resolution, and undue hardship would result from further delay. Indeed, any such delay would subject Plaintiffs—and all students attending school districts that serve Eligible Townships—to significant harm, which will continue as long as the Fast-Track Transfer Statute remains in effect.

Accordingly, none of the Stark County Defendants' arguments has merit, and the Court should deny their Motion to Dismiss in its entirety.

## II. <u>RELEVANT BACKGROUND</u>

### A. The Statutory Scheme

The Fast-Track Transfer Statute, which went into effect on October 17, 2019, creates a special process by which residents living in a township that is served by two or more school districts may transfer to another school district at will, without regard to the best interests of the students affected by the transfer.

For decades prior to the enactment of the Fast-Track Transfer Statute, ***all*** requests to transfer school districts were governed by R.C. §§ 3311.06 and 3311.24, in tandem with "[t]he

rules" set forth in Ohio Administrative Code ("OAC") Chapter 3301-89 (collectively, the "Pre-Existing Safeguards").[3] In order to ensure that the rights of all students affected by a proposed transfer are protected, the Pre-Existing Safeguards require the Ohio State Board of Education (the "State Board") to consider every "request for transfer . . . upon its merit with ***primary consideration*** given ***to the present and ultimate good of the pupils*** in the affected districts." OAC § 3301-89-01(F) (emphasis added).

The Fast-Track Transfer Statute strips school districts serving students in "eligible townships"—and the students they serve—of the state-created procedural safeguards and oversight that remain available to students attending school districts that do not serve what R.C. 3311.242 defines as "Eligible Townships," i.e., those containing the territory of two or more school districts.

Plain Local Schools serves, among others, the City of North Canton and Jackson Township, both of which are also served by other school districts and, thus, meet the Fast-Track Transfer Statute's definition of "Eligible Townships." As such, the Fast-Track Transfer Statute divests Plain Local Schools' students of the rights and interests protected by the Pre-Existing Safeguards. Over the past 15 years, Plain Local Schools successfully availed itself of the Pre-Existing Safeguards to protect its students from efforts to transfer Plain Local Schools territory located in the City of North Canton and the Village of Hills and Dales ("the Village") to wealthier, less racially and ethnically diverse school districts.

**B.    The Fast-Track Transfer Statute**

In 2018, the Village's residents and elected officials began a campaign to circumvent the Pre-Existing Safeguards that prevented a transfer of the Village's territory to Jackson Schools, thus

---

[3] *See* OAC § 3301-89-01(A) ("The rules under Chapter 3301-89 of the Administrative Code apply to the request for a transfer . . . under [R.C. §] 3311.06 . . . or petition for transfer of territory under [R.C. §] 3311.24 . . .").

4

protecting Plain Local Schools students from a transfer that lacks any rational basis, will increase racial and socioeconomic isolation, and will significantly impair Plain Local Schools' educational programming and operations. Those efforts continued throughout 2018 and 2019, when Hills & Dales lobbied for statewide legislation allowing it to circumvent the Pre-Existing Safeguards. ECF Doc #: 18, PAGEID #: 132-133 at ¶¶ 43-44. The Fast-Track Transfer Statute, which was surreptitiously inserted into a must-pass budget bill at the last minute, is the result of those efforts. *Id*., PAGEID #: 135 at ¶¶ 63-66.

The Fast-Track Transfer Statute, by its language, is mandatory on every actor identified in the statute, including the Stark County Defendants. Specifically, the statute provides that a school district that, like Plain Local Schools, receives "a petition to transfer . . . ***shall*** cause the board of elections [of the county where the eligible township is located, i.e., the Stark County Defendants] to check the sufficiency of signatures on the petition." R.C. 3311.242(C) (emphasis added). If the Stark County Defendants "determine[] [that] the petition has been signed by at least ten per [*sic*] cent of qualified electors voting at the last general election," the Stark County Defendants "***shall*** certify the petition to the [Plain Local Schools] board of education." *Id*. (emphasis added).

After the Stark County Defendants certify the petition, the statute provides that Plain Local Schools "***shall*** promptly . . . [f]ile the proposal . . . with the state board of education" and "certify the proposal to the [Stark County Defendants] for the purposes of having the proposal placed on the ballot at the next general or primary election . . . ." R.C. 3311.242(B) (emphasis added). Thereafter, the Stark County Defendants "***shall*** make the necessary arrangements for the submission of the question whether to approve the transfer to the qualified electors to vote thereon, and the election shall be conducted and canvassed and the results shall be certified in the same manner as in regular elections for the election of members of a district board of education." R.C.

5

3311.242(D) (emphasis added).

### C. Plain Local Schools Has Received Two Transfer Petitions and Been Named as a Respondent in Two Mandamus Actions.

On November 20, 2019, Plain Local Schools filed this lawsuit against Governor Mike DeWine, in his official capacity, the members of the Ohio State Board of Education, in their official capacities, the members of the Stark County Board of Elections, in their official capacities, and the Village of Hills and Dales, alleging that R.C. 3311.242 is unconstitutional under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution and Article II, Sections 15(C) and (D) of the Ohio Constitution, and that it contravenes two federal civil rights statutes.

At the time Plaintiffs filed suit, two fast-track petitions were already pending. ECF Doc #: 18, PAGEID #: 137-138 at ¶¶ 82-89. Plaintiffs therefore moved for a preliminary injunction to protect Plain Local Schools from being forced to act on the petitions while Plaintiffs' challenge to the constitutionality of the Fast-Track Transfer Statute remains pending. While Plain Local Schools has not yet acted on the pending requests, two mandamus actions against it have already been filed in the Ohio Supreme Court. Both mandamus actions seek to force Plain Local Schools' hand and unleash the chain of events that, absent injunctive relief from this Court, will ultimately result in the transfers proposed in those requests.

Although one of the two mandamus petitions was dismissed, *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, Slip Opinion No. 2019-Ohio-5160, the other remains pending, *see State of Ohio ex rel. Patrick M. Dunn, et al. v. Plain Local School District Board of Education*, Ohio Supreme Court Case No. 2019-1723. Absent injunctive relief, Plain Local Schools will be forced to act in compliance with the Fast-Track Transfer Statute to help effectuate these unconstitutional transfers and will be forced to take steps that cannot easily be undone. Under

R.C. 3311.242(C), Plain Local Schools would be required by the Fast-Track Transfer Statute, as its first step, to forward the petitions to the Stark County Board of Elections to check the sufficiency of the signatures on the petitions.

Despite their pivotal role under R.C. 3311.242, the Stark County Defendants have moved to dismiss the claims against them, arguing that the claims are not ripe and that Plaintiffs lack standing. For the reasons set forth below and for the reasons detailed in Plaintiffs' Brief Regarding Standing and Ripeness, ECF Doc #: 19, the Stark County Defendants' Motion to Dismiss, ECF Doc #: 20, should be denied.

### III.  PLAINTIFFS HAVE STANDING AND THEIR CLAIMS ARE RIPE

The Board of Elections Defendants' Motion, ECF Doc #: 20, challenges Plaintiffs' standing, and "is a facial attack on subject matter jurisdiction." *Seum v. Osborne*, 348 F.Supp.3d 616, 625 (E.D. Ky. 2018) (citing *Gaylor v. Hamilton Crossing CMBS*, 582 Fed.App'x 576, 579 (6th Cir. 2014)); *see also Arnold v. Liberty Mut. Ins. Co.,* 392 F.Supp.3d 747, 762 (E.D. Ky. 2019) ("A challenge to the plaintiffs' standing is a facial attack."). Where, as here, a motion to dismiss presents a facial attack, the Court must accept all allegations in the Complaint as true and construe them in the light most favorable to the nonmoving party.[4] *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016); *Progressive Health & Rehab Corp. v. Strategy Anesthesia*, LLC, 271 F.Supp.3d 941, 945 (S.D. Ohio 2017). Further, "the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous," and the "plaintiff can survive the motion [to dismiss] by showing **any arguable basis in law** for the claim made." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996) (emphasis added).

---

[4] Indeed, the Stark County Defendants contend only that the allegations in the First Amended Verified Complaint do not establish standing and ripeness, but do not challenge the existence of the facts alleged in the First Amended Verified Complaint.

The Stark County Defendants were sued in this case because they will be required, in their official capacities, to take measures to enforce and execute the Fast-Track Transfer Statute if the statute is not enjoined and the pending petitions are permitted to move forward. If the Stark County Board of Elections members were not named as defendants (or were dismissed from this lawsuit), they would not be bound by any injunction issued by this Court. Thus, the Stark County Defendants' participation as defendants is necessary for Plaintiffs to obtain complete relief and to prevent the enforcement or implementation of any transfers requested under the Fast-Track Transfer Statute.

The Stark County Defendants' arguments that Plaintiffs lack standing and that their claims are not ripe are plainly wrong. Under R.C. 3311.242, the Stark County Defendants are required by law to execute, and act in furtherance of, the unconstitutional Fast-Track Transfer Statute. Thus, they have the requisite causal connection to Plaintiffs' claims. Moreover, because execution of the law is inevitable absent injunctive relief, Plaintiffs' claims are ripe.

### A. Plaintiffs Have Standing to Sue the Stark County Defendants, and They Are Proper Defendants in this Case

The Stark County Defendants' challenge to Plaintiffs' standing to assert their claims against them has no merit. Plaintiffs have standing because they are suffering ongoing harm to their rights under the U.S. and Ohio Constitutions, and that harm is directly traceable to the Stark County Defendants' role under the Fast-Track Transfer Statute. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (stating that a plaintiff's injuries must only be "fairly traceable" to the defendant's conduct (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1049 (6th Cir. 2015) (finding standing in a constitutional challenge where there was a reasonable threat of enforcement and the defendant played a role in enforcing the law). As Plaintiffs explained in their Brief Regarding Standing and Ripeness, they

satisfy the three requirements of injury-in-fact, traceability, and redressability. ECF Doc #: 19, PAGEID #: 165-170; *Lujan*, 504 U.S. at 560-61. Stark County has not contested that Plaintiffs have suffered, and will continue to suffer, injury under the Fast-Track Transfer Statute. Instead, the Stark County Defendants question whether Plaintiffs' injury is traceable to (and redressable by relief directed toward) the Stark County Defendants. The answer to both questions is yes.

1. **The Stark County Defendants Are Proper Defendants in this Case**

County boards of elections play a specific, statutorily-designated role in executing and enforcing the Fast-Track Transfer Statute, and the Stark County Defendants are thus statutorily required to act on the pending transfer petitions unless this Court grants the Plaintiffs a preliminary injunction. For well over a century, it has been well established that, in a pre-enforcement challenge seeking injunctive relief to prevent the enforcement of an unconstitutional statute, a state official is a proper defendant if, as is the case with the Stark County Defendants, that official "by virtue of his office, has some connection with the enforcement of the act." *Ex parte Young*, 209 U.S. 123, 157 (1908); *see also Russell*, 784 F.3d at 1048. This principle applies whether the challenged statute is civil or criminal in nature. *McNeilus Truck and Mfg., Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429, 437 (6th Cir. 2000).

The Sixth Circuit has applied this principle numerous times to uphold actions brought against state officials who, while not the source of the challenged law, must remain as defendants for the plaintiff to receive full injunctive relief, as those officials must be prevented from carrying out the requirements of the challenged statute. For example, in *Women's Medical Professional Corp. v. Voinovich*, 130 F.3d 187 (6th Cir. 1997), the Sixth Circuit held that a county prosecutor was a proper party to a lawsuit challenging the constitutionality of an Ohio statute, even though the Attorney General was charged by law with responsibility for defending the statute's constitutionality, *id.* at 210-11. The Sixth Circuit explained that, although the prosecutors were

"unnecessary for the court to make a determination as to the Act's constitutionality. . . , the prosecutor [was] *necessary in terms of injunctive relief*. If the District Court found the Act unconstitutional, as it did, *the prosecutor would not have been bound by the injunction if he were not a party*." *Id.* at 211 (emphasis added).[5]

Similarly, in *Russell v. Lundergan-Grimes*, a plaintiff brought suit against various Kentucky state officials, alleging that a state law forbidding political speech within a 300-foot zone on Election Day violated the U.S. Constitution. Although the Secretary of State and the members of the State Board of Elections sought dismissal from the case, the Sixth Circuit held that the Secretary of State and the State Board of Elections members were proper defendants because there was "a realistic possibility" that they would "take legal or administrative actions against the plaintiff's interests." *Russell*, 784 F.3d at 1048. The state officials had argued "that because [the plaintiff] cannot predict *specific* actions that [the Board of Elections] will take that will directly impact [him], he cannot name them as parties he wishes to enjoin from infringing his [constitutional] rights." *Id.* (emphasis in original). The Sixth Circuit rejected this argument, stating: "[T]hat is not what our precedents require." *Id.* "Given the [Board's] statutory mandate to administer [the challenged law], and its undisputed role in effectuating that mandate," the Court found "a significant possibility" that the harmful actions would be taken and held that the members

---

[5] Indeed, the Stark County Defendants are arguably necessary parties under Federal Rule of Civil Procedure 19. *See* Fed. R. Civ. P. 19(a)(1)(A) (stating that a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties"); *see, e.g.*, *Tillman v. City of Milwaukee*, 715 F.2d 354, 359 (7th Cir. 1983) (holding that a state agency that controls apprenticeship programs was a necessary party in a lawsuit seeking injunctive relief requiring plaintiff's reinstatement to one such program); *Mohave Valley Irr. & Drainage Dist. v. HCJM, Inc.*, No. 3:13-CV-8269-HRH, 2014 WL 977664, at *5 (D. Ariz. Mar. 13, 2014); *cf. Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (noting that Rule 19(a)(1)(A) "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action") (citing *Advisory Committee's Note,* 39 F.R.D. 89, 91 (1966)).

of the Board of Elections were proper parties to the case. *Id.* at 1048-49.

Here, it is all the more clear that the Stark County Defendants have the requisite connection to the challenged statute and are proper defendants in this case. Under the Fast-Track Transfer Statute, the Stark County Defendants have a predetermined, prescribed role in executing the Fast-Track Transfer Statute. R.C. 3311.242(C) ("Upon receiving a petition of transfer signed by at least ten per cent of qualified electors voting at the last general election, the board of education ***shall*** cause the board of elections to check the sufficiency of signatures on the petition. If the board of elections determines the petition has been signed by at least ten per cent of qualified electors voting at the last general election, the board of elections ***shall*** certify the petition to the board of education. . .") (emphasis added); R.C. 3311.242(D) (requiring the board of elections, upon certification of the petition, to "make the necessary arrangements for the submission of the question whether to approve the transfer to the qualified electors to vote thereon. . .").

### 2. Other Parties Have Sought to Invoke Action by the Stark County Defendants

Plain Local Schools has already received two transfer requests under the Fast-Track Transfer Statute, and has faced two mandamus petitions in the Ohio Supreme Court, seeking a writ of mandamus compelling Plain Local Schools to submit the petitions it has received to the Stark County Defendants for certification. R.C. 3311.242 would then require the Stark County Defendants to facilitate the proposed transfers. *State of Ohio ex rel. Patrick M. Dunn, et al. v. Plain Local School District Board of Education*, Ohio Supreme Court Case No. 2019-1723; *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, Slip Opinion No. 2019-Ohio-5160.[6].

Further, absent injunctive relief, there is nothing to prevent further transfer petitions from

---

[6] Although one mandamus petition was dismissed for lack of standing, *see id.*, the second one remains pending. *See State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, Slip Opinion No. 2019-Ohio-5160.

11

being filed in Plain Local Schools asking Plain Local Schools, the Stark County Defendants, and the Ohio State Board of Education all to act in sequence under the statute. Thus, there is no question that the Stark County Defendants are proper defendants in this case and have the requisite connection to the enforcement and execution of the Fast-Track Transfer Statute, and that they must be enjoined from acting pursuant to the statute.

### 3. No Authority Supports Dismissal of the Stark County Defendants

The Stark County Defendants do not address, let alone attempt to distinguish, any of the cases cited in Plaintiffs' Brief Regarding Standing and Ripeness. Instead, they cite a string of wholly inapposite cases in an effort to support their argument that Plaintiffs lack standing. For example, in *Binno v. American Bar Association*, 826 F.3d 338 (6th Cir. 2016), the court held that although the plaintiff, who alleged that the LSAT violated the Americans with Disabilities Act, had suffered an injury-in-fact, the American Bar Association ("ABA") was not the proper defendant because the ABA did not create the LSAT or require that it be used in law school admissions, and the ABA could not prevent law schools from using the LSAT for admissions decisions in the future. *Id.* at 344-45. Unlike the ABA in *Binno,* the Stark County Defendants are explicitly ***required*** to act under the Fast-Track Transfer Statute.

*Schickel v. Dilger*, 925 F.3d 858 (6th Cir. 2019) and *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) are likewise readily distinguishable. In both cases, the plaintiffs challenged statutes that did not directly regulate the plaintiffs challenging the statutes, nor did they impose any duties on the defendants who were sued. *Schickel*, 925 F.3d at 866-67; *Clapper*, 568 U.S. at 411. By contrast, the Fast-Track Transfer Statute explicitly requires both Plain Local Schools and the Stark County Defendants to act under the statute.[7]

---

[7] Stark County also cites *M.L. Johnson Family Properties, LLC v. Bernhardt,* No. 7:14-cv-78-KKC, 2019 WL 3841905 (E.D. Ky. Aug. 14, 2019), for the proposition that "likelihood of redress

Plaintiffs have established that their injury is fairly traceable to the Stark County Defendants and would be redressed by a decision by this Court enjoining the Stark County Defendants from acting pursuant to the Fast-Track Transfer Statute. Accordingly, the Stark County Defendants' motion to dismiss for lack of standing should be denied.

### B. Plaintiffs' Claims Are Ripe

#### 1. Plaintiffs Face Imminent Harm

The Stark County Defendants' arguments that Plaintiffs' challenge to the Fast-Track Transfer Statute is not yet ripe also fail. As Plaintiffs explained in their Brief Regarding Standing and Ripeness, Plaintiffs' claims became ripe as soon as the Fast-Track Transfer Statute was enacted. ECF Doc #: 19, PAGEID #: 157-165. Plain Local Schools and its students have already suffered, and continue to suffer, injury in the form of violation of their procedural due process and equal protection rights. *Id.* In addition, due to the statute's passage, Plain Local Schools and its students face imminent harm in the form of nearly certain economic loss and increased racial isolation. ECF Doc #: 19, PAGEID #: 166. Plaintiffs' injury thus more than meets the requirement of a "'substantial risk' that the harm will occur." *Galaria v. Nationwide Mut. Ins. Co.*, Nos. 15-3386/3387 (6th Cir. Sept. 12, 2016) (stating that a "literal[] certain[ty]" of harm is not required), slip op. at 6 (quoting *Clapper v. Amnesty Int'l*, 568 U.S. 398, 414 n.5 (2013)).

The essence of Stark County's ripeness argument is that the Stark County Defendants' have not yet been required to act pursuant to the Fast-Track Transfer Statute, as Plain Local Schools has

---

of future injury is insufficient to establish the third prong in standing analysis." ECF Doc #: 20, PAGEID #: 177. *M.L. Johnson* does not stand for that proposition. Rather, the court in *M.L. Johnson* stated that a likelihood of redress *is* required, but found the plaintiff lacked standing because the court could not "see how [the plaintiff's] requested relief…will redress any injury or threat of injury" and found the "supposed link" between the requested relief and the benefit sought by the plaintiff to be "extremely tenuous." *M.L. Johnson.* at *4. By contrast, there is no question that enjoining the Stark County Defendants from placing Fast-Track Transfer petitions on the ballot would prevent such transfers, thus redressing the injury to Plaintiffs.

not yet forwarded any fast-track transfer requests to the Stark County Defendants because it chose to file this lawsuit and, if Plaintiffs prevail in this suit, the Stark County Defendants may never have to act at all. ECF Doc #: 20, PAGEID #: 178-179. This argument places the cart before the horse. It is true in *every* pre-enforcement challenge to the constitutionality of a state statute that the officials charged with its enforcement may never have to act, if the plaintiff is successful—i.e., if the officials are enjoined from doing so.

Here, Plaintiffs' likelihood of success on the merits is not, and cannot be, a basis for finding that its claim is unripe. To the contrary, "the Supreme Court typically has allowed pre-enforcement review when enforcement of a statute or ordinance against a particular plaintiff is inevitable." *Nat'l Rifle Ass'n v. Magaw*, 132 F.3d 272, 289 (6th Cir. 1997). There is no requirement that the plaintiff take unwanted measures to comply with the challenged statute for the controversy to be ripe. *Id.* at 287; *see also Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 581 (1985) ("One does not have to await the consummation of threatened injury to obtain preventive relief." (quoting *Pacific Gas & Electric Co. v. State Energy Resources Conservation and Development Comm'n*, 461 U.S. 190, 201-02 (1983) (internal quotation marks omitted)). Rather, as explained more fully in Plaintiffs' Brief Regarding Standing and Ripeness, Plaintiffs' claims satisfy the standards for ripeness set forth in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967) because they are currently fit for judicial resolution and the Plaintiffs will suffer hardship if the court does not consider their claims, *id.* at 149.

### 2. The Stark County Defendants Have Misconstrued the Ripeness Doctrine

The Stark County Defendants do not cite a single case to support their notion of the ripeness doctrine, nor do they address any of the cases in Plaintiffs' Brief Regarding Standing and Ripeness. ECF Doc #: 20, PAGEID #: 178. Instead, the Stark County Defendants rely on two cases where

the Sixth Circuit found the plaintiffs' Takings Clause claims under the Fifth Amendment to be unripe because they had not exhausted their state-law remedies. *River City Capital, L.P. v. Board of County Commissioners*, 491 F.3d 301, 308-09 (6th Cir. 2007); *Bigelow v. Mich. Dep't of Nat. Resources*, 970 F.2d 154, 157-58 (6th Cir. 1992).[8] In both cases, however, the court was applying an exhaustion requirement that is unique to Takings Clause cases—and, critically, one that was recently overruled by the U.S. Supreme Court in *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019) (overruling *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), which "held that a property owner whose property has been taken by a local government has not suffered a violation of his Fifth Amendment rights—and thus cannot bring a federal takings claim in federal court—until a state court has denied his claim for just compensation under state law"); *River City Capital*, 491 F.3d at 308-09; *Bigelow*, 970 F.2d at 157-58.[9]

The Stark County Defendants also misplace reliance on *Tri-Cities Holdings LLC v. City of Johnson,* No. 2:13-CV-108, 2013 WL 2635337 (E.D. Tenn. June 12, 2013),[10] where the court found a claim was unripe on the ground that the "plaintiff might not achieve the sought-after benefit even if the plaintiff prevails," *id.* at *3, and the plaintiff could show only minimal hardship from delaying judicial resolution of its claim, *id.* at *5. Indeed, the court in *Tri-Cities* contrasted that case with a case in which the plaintiffs, like Plaintiffs here, "had stated 'a plausible claim that the mere enactment of [the challenged law] violates [] due process and equal protection.'" *Id.* at

---

[8] *See* ECF Doc #: 20, PAGEID #: 178.
[9] In *Bigelow*, the plaintiffs also raised equal protection, due process, and state constitutional claims. Because all of those claims arose out of the same land-use decision giving rise to the Takings claim, the Sixth Circuit held that the same exhaustion requirement applied to those other constitutional claims as well. *Bigelow*, 970 F.2d at 158-60.
[10] Cited at ECF Doc #: 20, PAGEID #: 179.

15

*4 (quoting *RJH Medical Center, Inc. v. City of Dubois*, 754 F. Supp. 2d 723, 766-67 (W.D. Pa. 2010)).[11] Moreover, in *Kentucky Press Ass'n v. Kentucky*, 454 F.3d 505 (6th Cir. 2006), also cited by the Stark County Defendants (*see* ECF Doc #: 20, PAGEID #: 179), the court found that it was unclear whether the challenged state law even applied to the plaintiffs. *Kentucky Press Ass'n*, 454 F.3d at 509-10.

In this instance, there is no question that the Fast-Track Transfer Statute directly affects Plaintiffs or that a decision in Plaintiffs' favor will redress the Fast-Track Transfer Statute's violation of their constitutional rights. Accordingly, Plaintiffs' claims are ripe, and they have standing to assert those claims.

## IV.     CONCLUSION

For all of the foregoing reasons, as well as the reasons stated in Plaintiffs' Brief Regarding Standing and Ripeness, ECF Doc #: 19, Plaintiffs respectfully request that the Stark County Defendants' Motion to Dismiss be denied.

---

[11] *See also* Plaintiffs' Brief Regarding Ripeness and Standing, ECF Doc. #: 19, PAGEID #: 162-165.

Respectfully submitted,

*/s/ Amanda Martinsek*
Amanda Martinsek (0058567)
William D. Edwards (0062861)
Timothy J. Downing (0042396)
Daniela Paez (0091212)
Trevor J. Hardy (0091065)
ULMER & BERNE LLP
1660 West 2nd Street - Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000 / Fax: (216) 583-7001
amartinsek@ulmer.com
wdedwards@ulmer.com
tdowning@ulmer.com
dpaez@ulmer.com
thardy@ulmer.com

Rex A. Littrell (0042419)
Rachael Rodman (0073872)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215-4213
Phone: (614) 229-0000 / Fax: (614) 229-0001
rlittrell@ulmer.com
rrodman@ulmer.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 6, 2020, a copy of the foregoing was filed electronically and sent to all counsel of record by operation of the Court's CM/ECF System.

*/s/ Amanda Martinsek*
One of the Attorneys for Plaintiffs
