# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PLAIN LOCAL SCHOOL DISTRICT**
**BOARD OF EDUCATION, ET AL.,**

    *Plaintiffs,*

v.

**GOVERNOR MIKE DEWINE, ET AL.,**

    *Defendants.*

Case No: 2:19-cv-05086

Judge Michael Watson

## MOTION TO DISMISS BY GOVERNOR MIKE DEWINE

Now comes Defendant Governor Mike DeWine and hereby moves this Court to dismiss the Complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), on the grounds that Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution. The grounds for this motion are more fully set forth in the following Memorandum.

Respectfully submitted,

*/s/ Frank J. Reed, Jr.*
Frank J. Reed, Jr. (0055234)
Stephen E. Chappelear (0012205)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
Fax: (614) 464-1737
freed@fbtlaw.com
schappelear@fbtlaw.com
*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

Plain Local School District Board of Education is the governing body of an Ohio school district which, along with four students of the District (collectively, "Plaintiffs"), bring claims against Governor Mike DeWine ("Governor DeWine" or the "Governor"), State Superintendent Paolo DeMario, and the individual members of the State Board of Education, among others, in their official capacities. Plaintiffs allege that Ohio Revised Code § 3311.242, as applied to them, will violate their constitutional and statutory rights.

Plaintiffs' claims against Governor DeWine are barred by the Eleventh Amendment. Under the Eleventh Amendment to the United States Constitution, federal courts lack jurisdiction to hear claims against an officer of the State unless one of a few narrow exceptions apply, none of which are applicable here. Plaintiffs' claims against Governor DeWine are thinly veiled attempts to bring claims against the State of Ohio. Because the State of Ohio has not consented to suit in federal court and because Congress has not unequivocally expressed its intent to abrogate Governor DeWine's immunity here, this Court lacks jurisdiction to hear Plaintiffs' claims against Governor DeWine in his official capacity as Governor of the State of Ohio. Additionally, while Plaintiffs seek only declaratory and injunctive relief, there is an insufficient nexus between Governor DeWine and Plaintiffs' alleged harms to justify an exception to the Eleventh Amendment's general rule barring Plaintiff's claims against Governor DeWine.

II. **BACKGROUND**

Plaintiff challenges the constitutionality and lawfulness of R.C. § 3311.242. This statute allows communities in townships that contain two or more school districts to transfer territory from one school district to an adjoining school district under certain circumstances. To effectuate this transfer under R.C. § 3311.242, communities must:

1. Obtain the signatures of at least ten percent (10%) of qualified electors in the territory to be transferred;

2. Submit the signatures to the board of education of the district in which the territory is currently located;

3. Approve the proposal at a regular election by at least a majority of the electors voting on the proposal; and

4. Participate, through the board of trustees of the township, in negotiations with the board of education that is proposed to receive the territory regarding the terms of the proposal.

When the board of education to receive the territory and the board of trustees enter into a formal agreement, the State Board of Education must approve the proposal. R.C. § 3311.242. The two district boards and the township must then execute an equitable division of funds and indebtedness between the districts. Once an agreement is formed, the transfer is complete and the legal title of the school property in the territory is vested in the receiving board of education. R.C. § 3311.242.

The Ohio Legislature passed R.C. § 3311.242 on July 17, 2019 and Governor DeWine signed it into law on July 18, 2019. It went into effect on October 17, 2019.

In late October, Plaintiff School District received requests to transfer territory under R.C. § 3311.242 to adjacent school districts. Plaintiffs brought the instant Complaint seeking a declaratory judgment that R.C. § 3311.242 is unconstitutional and void, as well as an injunction enjoining the Defendants from implementing R.C. § 3311.242.

### III. LAW AND ARGUMENT

#### A. Plaintiffs' claims against Governor DeWine are barred by the Eleventh Amendment.

Plaintiffs' claims against Governor DeWine should be dismissed under the Eleventh Amendment to the United States Constitution. Under the Eleventh Amendment, federal courts lack jurisdiction to hear suits against a State. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-103 (1984); *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Plaintiffs' claims against Governor DeWine, in his official capacity, are thinly veiled attempts to plead claims against the State of Ohio. As the Supreme Court has held, "a suit against a state official in his or her official capacity is not a suit against the official but rather is against the official's office [and,] as such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Such a suit, like the one Plaintiffs bring here against Governor DeWine, is strictly barred by the Eleventh Amendment, unless one of three exceptions apply: the State has consented to the suit; Congress has properly abrogated a State's immunity; or the *Ex parte Young* exception is met. *S&M Brands, Inc.*, 527 F.3d at 507 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Here, none of these exceptions apply to Plaintiffs' claims. Consequently, all of Plaintiffs' claims against Governor DeWine are barred by the Eleventh Amendment. First, Plaintiffs' federal constitutional claims against Governor DeWine fail to meet the *Ex parte Young* exception because Governor DeWine does not have a sufficient connection to the enforcement of R.C. § 3311.242. Second, Plaintiffs' statutory claim under the Equal Educational Opportunities Act is also barred since Congress only abrogated the immunity of State educational agencies through the Act and not the immunity of State Governors. Third, the Eleventh Amendment also prohibits the Court from

hearing Plaintiffs' claims brought under the Ohio Constitution against Governor DeWine because the State of Ohio has not consented to this suit.

      **1.**      **The facts Plaintiffs allege against Governor DeWine are insufficient to overcome his Eleventh Amendment sovereign immunity under the *Ex parte Young* exception for Plaintiffs' federal constitutional claims.**

Under the doctrine of *Ex parte Young*, a suit challenging the constitutionality of a state official's action in enforcing a State law is not considered to be against the State and is therefore not barred by the Eleventh Amendment. *Id.* However, for the *Ex parte Young* exception to apply, there must be a sufficient connection between the officer being sued and the enforcement of the challenged act. If the officer being sued does not have a sufficient connection to the allegedly unconstitutional act or conduct, then the officer is being sued merely as a representative of the State, bypassing the prohibitions of the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 157; *see also Floyd v. Cnty. of Kent*, 454 F. App'x 493, 499 (6th Cir. 2012) (for the *Young* exception to apply, the state official sued "must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains"). Because the Eleventh Amendment is an absolute bar to suit, "[c]ourts have not read *Young* expansively." *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996).

Where a complaint fails to demonstrate a sufficient connection between an official's enforcement actions and the plaintiff's alleged constitutional violations, the Court should dismiss the official from the suit. *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 632 (6th Cir. 2013). In *Top Flight* for example, the U.S. Sixth Circuit affirmed the district court's decision to dismiss the Michigan Attorney General because a different state officer, not the Attorney General, was the relevant enforcement officer. There, the plaintiff challenged the blanket denial of licenses permitting "millionaire parties" (gambling events sponsored by certain educational, religious, and other specified categories of organizations) to the plaintiff's adult entertainment club. *Id.* at 627.

The Lottery Commissioner, who possessed the statutory power to issue the millionaire-licenses and who allegedly adopted the challenged blanket policy with respect to the licenses, was the appropriate defendant in the Court's view. *Id.* at 634. In making this determination, the Court found that the complaint failed to allege "a sufficient connection between [the Attorney General] and the alleged unconstitutional acts to sustain [plaintiff's] claims against him in his official capacity." *Id.* The Court emphasized that the complaint contained no allegation regarding "how Schuette, as Attorney General, was involved in the issuance of millionaire-party licenses or the enforcement of rules under the Bingo Act" or that "Schuette had knowledge of, or participated in, . . . [the] alleged policy of denying all millionaire-party license events at Flying Aces." *Id.*

Accordingly, the *Young* exception did not apply and Attorney General Schuette was entitled to Eleventh Amendment immunity. *Id.*; *see also, Children's Healthcare is a Legal Duty,* 92 F.3d at 1415-17 (dismissing the Ohio Attorney General because she "has no connection to the enforcement of the [challenged] statute"); *Kelley v. Metro. Cty. Bd. of Ed.*, 836 F.2d 986, 990 (6th Cir. 1987) (finding that suit was barred under Eleventh Amendment where state official defendants did not threaten to enforce any unconstitutional act); *Confederated Tribes & Bands of the Yakama Nation v. Locke*, 176 F.3d 467, 469-70 (9th Cir. 1999) (dismissing the Washington Governor where the complaint "contain[ed] no allegations that the Governor is charged with operating" the challenged statutes); *see also Akron Ctr. for Reproductive Health v. Rosen*, 633 F. Supp. 1123, 1129-30 (N.D. Ohio 1986) (dismissing suit against Ohio Governor and Ohio Attorney General pursuant to the Eleventh Amendment because they had no connection to the enforcement of the challenged abortion statute) (*aff'd on other grounds*, 854 F.2d 852 (6th Cir. 1988), *rev'd on other grounds*, 497 U.S. 502 (1990)).

Here, like in *Top Flight*, Plaintiffs do not plead a sufficient connection between Governor DeWine and the claimed constitutional harms in order for the *Ex parte Young* exception to apply. Plaintiffs' First Amended Complaint (the "Complaint") makes two factual allegations regarding Governor DeWine.[1] The first is that, under the Ohio Constitution, Governor DeWine "in his capacity as Governor, has the duty to see that the laws are faithfully executed." (First Amend. Compl. ¶ 21, Doc. 18). The second is that "Governor DeWine signed HB 166 into law on July 18, 2019." (First Amend. Compl. ¶ 67, Doc. 18).

Even taken together, these factual allegations fail to demonstrate a sufficient connection between Governor DeWine and Plaintiffs' alleged constitutional harms as necessary to abrogate his Eleventh Amendment sovereign immunity under the *Young* exception. First, the authority to sign legislation into law is unrelated to the enforcement of that law. In order to overcome the prescriptions of the Eleventh Amendment under the *Young* exception, there must be a sufficient connection between the public officer's enforcement actions and the alleged constitutional harm. *Children's Healthcare is a Legal Duty,* 92 F.3d at 1415-17.

Here, all Plaintiffs allege is that the Governor DeWine has the power to enact law and the duty to see that it is faithfully executed. As a practical matter, if the power to enact law was sufficient to overcome an official's sovereign immunity, then the Governor would be an appropriate party in any suit in which an Ohio law was challenged, regardless of his participation in enforcing that law. While Governor DeWine signed R.C. § 3311.242 into law, the statute does not envision nor set out a role for the Governor in the enforcement of this statute, and Plaintiffs do

---

[1] The complaint makes two additional mentions of Governor DeWine, but they are both conclusory statements that assert that the enforcement and implementation of O.R.C. § 3311.242 by Governor DeWine or others would result in harm to the Plaintiffs. (First Amend. Compl. ¶¶ 121, 129, Doc. 18).

not allege that Governor DeWine has participated in the application of the statute as it relates to them.

In addition to being barred by Governor DeWine's Eleventh Amendment sovereign immunity, any claims against Governor DeWine based on his act of signing the legislation at issue here are also barred by the Governor's absolute legislative immunity. The U.S. Supreme Court has held that a chief executive signing a bill into law constitutes a legislative act, and that such acts enjoy absolute legislative immunity. *Edwards v. United States*, 286 U.S. 482, 490 (1932) (relying on the "legislative character of the President's function in approving or disapproving bills"); *Bogan v. Scott-Harris*, 523 U.S. 44, 45, (1998) ("Officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions.").

Similarly, a general duty to faithfully execute the laws is not sufficient to abrogate an official's sovereign immunity under the *Young* exception. *See, e.g., Children's Healthcare is a Legal Duty*, 92 F.3d at 1416 ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law.") (citations omitted); *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a Governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute."); *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976) (An attorney general's "duty to support the constitutionality of challenged state statutes" and his duty "to defend actions in which the state is interested" do not create sufficient connection to the statute in question to overcome his sovereign immunity).

Plaintiffs allege only that Governor DeWine (1) signed the challenged statute into law and (2) continues to bear a general duty to faithfully execute the laws of Ohio. These allegations are facially insufficient. Plaintiffs have not met their burden to overcome Governor DeWine's

Eleventh Amendment sovereign immunity under the *Young* exception. As such, the federal constitutional claims against him should be dismissed.

### 2. Neither Congress nor the State of Ohio has waived Governor DeWine's Eleventh Amendment sovereign immunity from suit in federal court for Plaintiffs' remaining claims.

In addition to the *Young* exception, a federal court has jurisdiction to hear a claim against a State or its officers under the Eleventh Amendment if the State has consented to the suit or if Congress has properly abrogated a State's immunity. Here, Plaintiffs' statutory claim against Governor DeWine under the Equal Educational Opportunities Act of 1974 (the "EEOA"), 20 U.S.C. § 1701 *et seq*, is also barred by the Eleventh Amendment.[2] Although Congress may have partially abrogated sovereign immunity for state educational agencies when it passed the EEOA, it did not abrogate the sovereign immunity of a State's Governor. *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 953 n. 9 (9th Cir. 1983) ("The Equal Educational Opportunities Act does not waive the immunity of a Governor, only that of state educational agencies and officials.").

This result is evident from the text of the statute. The statute prohibits States from denying equal educational opportunity to individuals based on the actions of "an educational agency." 20 U.S.C. §§ 1703(c) & (e). Thus, while the EEOA may abrogate State sovereign immunity for educational agencies, it does not waive the sovereign immunity of any State official whose conduct and responsibilities are unrelated to the Act's enforcement. Because of this—and the fact that Plaintiffs do not allege any facts that indicate Governor DeWine either created or could redress

---

[2] Plaintiffs also claim a violation of Title VI of the Civil Rights Act of 1964. However, the caption for this claim explicitly states that this claim is only "Against Defendant Hills & Dales." (First Amend. Compl., Doc 18 at PAGEID 145). To the extent that Plaintiffs seek to allege this complaint against Governor DeWine, the same analysis as that for the Equal Educational Opportunities Act would apply.

Plaintiffs' alleged harm under the EEOC—Plaintiffs' EEOA claim against Governor DeWine is barred by the Eleventh Amendment and should be dismissed.

Similarly, Plaintiffs' claims against Governor DeWine under the Ohio Constitution are also barred from consideration in this Court by the Eleventh Amendment. Ohio has not consented to have these claims adjudicated in federal court and Congress has not authorized this Court to hear these claims. The Supreme Court has held that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment [and] that this principle applies as well to state-law claims brought into federal court under pendent [now supplemental] jurisdiction." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121. Because of this, the Court lacks jurisdiction to hear Plaintiffs' Ohio constitutional claims brought against Governor DeWine. Those claims, like Plaintiffs' federal constitutional and statutory claims, should therefore be dismissed as to Governor DeWine.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' claims against Governor DeWine.

Respectfully submitted,

*/s/ Frank J. Reed, Jr.*
Frank J. Reed, Jr. (0055234)
Stephen E. Chappelear (0012205)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
Fax: (614) 464-1737
freed@fbtlaw.com
schappelear@fbtlaw.com
*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing has been served on all parties via their counsel of record through the Court's ECF system this 22nd Day of January 2020. For any counsel not registered to receive filings electronically, a copy of the foregoing will be sent via regular U.S. Mail, postage pre-paid.

        */s/ Frank J. Reed, Jr.*
        Frank J. Reed, Jr. (0055234)

0135351.0725696  4824-7594-7182v2