# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PLAIN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, *ET AL.*, | : : : |
| Plaintiffs, | : Case No. 2:19-CV-05086 : : Judge: Michael Watson |
| v. | : : |
| MIKE DEWINE, *ET AL.*, | : : |
| Defendants. | : : : |

## ANSWER TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT

Defendants Paolo DeMaria and the individual members of the State Board of Education of Ohio ("Defendants"), for their Answer to Plaintiffs' First Amended Verified Complaint (the "Complaint"), state as follows:

1. Defendants admit the allegations in paragraph 1 of the Complaint.

2. Defendants state that the allegations in paragraph 2 of the Complaint constitute legal argument to which no response is required.

3. Defendants state that the allegations in paragraph 3 of the Complaint constitute legal argument to which no response is required, and that R.C. § 3311.242 speaks for itself.

4. Defendants admit that R.C. § 3311.06 and R.C. § 3311.24, in conjunction with Ohio Administrative Code § 3301-89 (collectively, the "Original Guidelines") govern school district territory transfer. Responding further, Defendants state that the referenced contents of the Original Guidelines speak for themselves and state that

the remaining allegations in paragraph 4 of the Complaint are legal argument to which no response is required.

5. Defendants state that the allegations in paragraph 5 of the Complaint constitute legal argument to which no response is required, and that the referenced contents of the Original Guidelines speak for themselves.

6. Defendants state that the allegations in paragraph 6 of the Complaint constitute legal argument to which no response is required, and that the referenced contents of the Original Guidelines speak for themselves.

7. Defendants state that the allegations in paragraph 7 of the Complaint constitute legal argument to which no response is required, and that the referenced contents of the Ohio Constitution speak for themselves.

8. Defendants state that the allegations in paragraph 8 of the Complaint constitute legal argument to which no response is required.

9. Defendants state that the allegations in paragraph 9 of the Complaint constitute legal argument to which no response is required.

10. Defendants state that the allegations in paragraph 10 of the Complaint are legal argument to which no response is required.

11. Defendants state that the allegations in paragraph 11 of the Complaint are legal argument to which no response is required.

12. Defendants state that the allegations in paragraph 12 of the Complaint constitute legal argument to which no response is required, and that the referenced contents of the Original Guidelines speak for themselves.

13. Defendants admit that the State Board denied a petition to transfer territory from Plain Local Schools to Jackson Schools in 2004. Defendants deny the remaining allegations in paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and deny such allegations on this basis.

15. Defendants state that the allegations in paragraph 15 of the Complaint constitute legal argument to which no response is required.

16. Defendants state that the allegations in paragraph 16 of the Complaint constitute legal argument to which no response is required.

17. Defendants state that the allegations in paragraph 17 of the Complaint constitute legal argument to which no response is required.

### **THE PARTIES**

18. Defendants admit the allegations in paragraph 18 of the Complaint, except state that Plaintiff Plain Local School District is a school district organized and operating under Ohio Revised Code Title 33.

19. Defendants are without sufficient information to affirm or deny and therefore, deny the allegations in paragraph 19 of the Complaint.

20. Defendants are without sufficient information to affirm or deny and therefore, deny the allegations in paragraph 20 of the Complaint.

21. Defendants admit that Defendant Mike DeWine is the Governor of Ohio and that Plaintiffs purport to sue him in that capacity. Defendants further state that the

remaining allegations in paragraph 21 of the Complaint constitute legal argument to which no response is required.

22. Defendants admit that Paolo DeMaria is the Superintendent of Public Instruction and serves as the Secretary of the Board but deny the remaining allegations in paragraph 22 of the Complaint.

23. Defendants admit that Defendants Kohler, McGuire, Haycock, Hill, Kilgore, Woods, Miranda, Fowler, Hagan, Dodd, Owens, and Johnson are elected members of the Ohio State Board of Education. Defendants further admit that Defendants Poklar, Collins, Lamoncha, Manchester, Toal, Dackin, and Wilkinson are at-large members of the Ohio State Board of Education. Defendants state that the remaining allegations in paragraph 23 of the Complaint are legal argument to which no response is required.

24. Defendants admit that the State Board of Education is authorized to provide general supervision of public education in the state. Further responding, Defendants state that the remaining allegations in paragraph 24 of the Complaint are legal argument to which no response is required.

25. Defendants admit that Defendants Ferrucio, Braden, Cline, and Pousoulides are members of the Stark County Board of Elections. Further responding, Defendants state that the remaining allegations in paragraph 25 of the Complaint are legal argument to which no response is required.

26. Defendants admit that the Village of Hills and Dales is an incorporated village located in Stark County, Ohio. Further responding, Defendants lack information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and deny them on this basis.

27. Defendants state that the allegations in paragraph 27 of the Complaint constitute legal argument to which no response is required. Further responding, Defendants deny that they have caused harm or will continue to harm Plaintiffs.

## JURISDICTION AND VENUE

28. Defendants admit the allegations in paragraph 28 of the Complaint.

29. Defendants admit the allegations in paragraph 29 of the Complaint.

30. Defendants admit the allegations in paragraph 30 of the Complaint.

## BACKGROUND

31. Defendants admit that Hills & Dales is located in Jackson Township, Stark County, Ohio. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 31 of the Complaint, and on this basis, deny them.

32. Defendants admit the allegations in paragraph 32 of the Complaint.

33. Defendants admit that the residents of Hills & Dales submitted a request to transfer from Plain Local Schools to Jackson Schools. Defendants further admit that R.C. § 3311.24 and OAC § 3301.89 govern school district transfers. Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34. Defendants admit that Hills & Dales was the subject of an evidentiary hearing. Further responding, Defendants state that the remaining allegations in paragraph 34 constitute legal argument to which no response is required.

35. Defendants admit that the parties to the 2004 evidentiary hearing put on evidence in support of their arguments.

36. Defendants admit that the hearing officer in 2004 recommended that the Ohio State Board of Education deny the transfer request. Further responding, Defendants state that the hearing officer's report speaks for itself.

37. Defendants admit the allegations in paragraph 37 of the Complaint.

38. Defendants admit the allegations in paragraph 38 of the Complaint.

39. Defendants admit the allegations in paragraph 39 of the Complaint.

40. Defendants state that the allegations in paragraph 40 of the Complaint consist of legal argument to which a response is not required.

41. Defendants state that the allegations in paragraph 41 constitute legal argument to which no response is required.

42. Defendants state that the allegations in paragraph 42 constitute legal argument to which no response is required.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and on this basis, deny them.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and on this basis, deny them.

45. Defendants admit the allegations in paragraph 45 of the Complaint.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and on this basis, deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on this basis, deny them.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and on this basis, deny them.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and on this basis, deny them.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and on this basis, deny them.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and on this basis, deny them.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and on this basis, deny them.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and on this basis, deny them.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and on this basis, deny them.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and on this basis, deny them.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and on this basis, deny them.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and on this basis, deny them.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, and on this basis, deny them.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and on this basis, deny them.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, and on this basis, deny them.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, and on this basis, deny them.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and on this basis, deny them.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and on this basis, deny them.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint, and on this basis, deny them.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint, and on this basis, deny them.

66. Defendants admit the allegations in paragraph 66 of the Complaint.

67. Defendants admit the allegations in paragraph 67 of the Complaint.

68. Defendants admit the allegations in paragraph 68 of the Complaint.

69. Defendants admit the allegations in paragraph 69 of the Complaint.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and on this basis, deny them.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and on this basis, deny them.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and on this basis, deny them.

73. Defendants state that the allegations in paragraph 73 of the Complaint constitute legal argument to which no response is required.

74. Defendants state that the allegations in paragraph 74 of the Complaint constitute legal argument to which no response is required.

75. Defendants state that the allegations in paragraph 75 of the Complaint constitute legal argument to which no response is required.

76. Defendants state that the allegations in paragraph 76 of the Complaint constitute legal argument to which no response is required.

77. Defendants admit that the Original Guidelines provide considerations for the State Board to review when determining the merits of a school district territory transfer, and state that the Original Guidelines are the best source for their terms.

78. Defendants state that the allegations in paragraph 78 of the Complaint constitute legal arguments to which no response is required.

79. Defendants state that the allegations in paragraph 79 of the Complaint constitute legal argument to which no response is required.

80. Defendants state that the allegations in paragraph 80 of the Complaint constitute legal argument to which no response is required.

81. Defendants state that the allegations in paragraph 81 of the Complaint constitute legal argument to which no response is required.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and on this basis, deny them.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and on this basis, deny them.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint, and on this basis, deny them.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint, and on this basis, deny them.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, and on this basis, deny them.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, and on this basis, deny them.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of Plaintiffs' First Amended Verified Complaint, and on this basis denies them.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint, and on this basis, deny them.

90. Defendants state that the allegations in paragraph 90 of the Complaint constitute legal argument to which no response is required.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint, and on this basis, deny them.

92. Defendants admit the allegations in paragraph 92 of the Complaint.

93. Defendants admit the allegations in paragraph 93 of the Complaint.

94. Defendants admit the allegations in paragraph 94 of the Complaint.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint, and on this basis, deny them.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint, and on this basis, deny them.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint, and on this basis, deny them.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, and on this basis, deny them.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint, and on this basis, deny them.

100. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint, and on this basis, deny them.

101. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint, and on this basis deny them.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint, and on this basis deny them.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint, and on this basis, deny them.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, and on this basis, deny them.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint, and on this basis, deny them.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint, and on this basis, deny them.

107. Defendants deny the allegations in paragraph 107 of the Complaint.

108. Defendants admit that a hearing officer reviewed a petition concerning the Village of Hills & Dales in 2004, and deny the remaining allegations in paragraph 108 of the Complaint.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint, and on this basis, deny them.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint, and on this basis, deny them.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint, and on this basis, deny them.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint, and on this basis, deny them.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint, and on this basis, deny them.

114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint, and on this basis deny them.

115. Defendants state that the allegations in paragraph 115 of the Complaint constitute legal argument to which no response is required.

116. Defendants state that the allegations in paragraph 116 of the Complaint constitute legal argument to which no response is required.

117. Defendants state that the allegations in paragraph 117 of the Complaint constitute legal argument to which no response is required.

## COUNT ONE

### (VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION PURSUANT TO 42 U.S.C. § 1983 – STRICT SCRUTINY)

118. Defendants repeat and reallege their responses for the preceding paragraphs as though fully rewritten herein.

119. The Fourteenth Amendment of the United States Constitution speaks for itself.

120. Defendants deny the allegations in paragraph 120 of the Complaint.

121. Defendants deny the allegations in paragraph 121 of the Complaint.

122. Defendants deny the allegations in paragraph 122 of the Complaint.

123. Defendants deny the allegations in paragraph 123 of the Complaint.

124. Defendants deny the allegations in paragraph 124 of the Complaint.

125. Defendants deny the allegations in paragraph 125 of the Complaint.

## COUNT TWO

### (VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION PURSUANT TO 42 U.S.C. § 1983 – RATIONAL BASIS)

126. Defendants repeat and reallege their responses for the preceding paragraphs as though fully rewritten herein.

127. Defendants deny the allegations in paragraph 127 of the Complaint.

128. Defendants deny the allegations in paragraph 128 of the Complaint.

129. Defendants deny the allegations in paragraph 129 of the Complaint.

130. Defendants deny the allegations in paragraph 130 of the Complaint.

131. Defendants deny the allegations in paragraph 131 of the Complaint.

## COUNT THREE

## (VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS PURSUANT TO 42 U.S.C. § 1983)

132. Defendants repeat and reallege their responses for the preceding paragraphs as though fully rewritten herein.

133. Defendants state that the allegations in paragraph 133 of the Complaint constitute legal argument to which no response is required.

134. Defendants state that the allegations in paragraph 134 of the Complaint constitute legal argument to which no response is required.

135. Defendants deny the allegations in paragraph 135 of the Complaint.

136. Defendants deny the allegations in paragraph 136 of the Complaint.

## COUNT FOUR

## (VIOLATION OF THE EQUAL EDUCATIONAL OPPORTUNITIES ACT OF 1974, 20 U.S.C. § 1701 *ET SEQ.*)

137. Defendants repeat and reallege their responses for the preceding paragraphs as though fully rewritten herein.

138. Defendants state that the allegations in paragraph 138 of the Complaint constitute legal argument to which no response is required.

139. Defendants state that the allegations in paragraph 139 of the Complaint constitute legal argument to which no response is required.

140. Defendants state that the 2004 petition denial speaks for itself. Further responding, Defendants deny the remaining allegations in paragraph 140 of the Complaint.

141. Defendants deny the allegations in paragraph 141 of the Complaint.

## COUNT FIVE

## (VIOLATION OF THE TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 – AGAINST DEFENDANT HILLS & DALES)

142. Defendants repeat and reallege their responses for the preceding paragraphs as though fully rewritten herein.

143. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint, and on this basis deny them.

144. Defendants state that the allegations in paragraph 144 constitute legal argument to which no response is required.

145. Defendants deny the allegations in paragraph 145 of the Complaint.

146. Defendants deny the allegations in paragraph 146 of the Complaint.

147. Defendants deny the allegations in paragraph 147 of the Complaint.

148. Defendants deny the allegations in paragraph 148 of the Complaint.

## COUNT SIX

## (VIOLATION OF ARTICLE II, § 15(D) OF THE OHIO CONSTITUTION)

149. Defendants repeat and reallege their responses for the preceding paragraphs as though fully rewritten herein.

150. Defendants deny the allegations in paragraph 150 of the Complaint.

151. Defendants state that the allegations in paragraph 151 of the Complaint constitute legal argument to which no response is required, and that the referenced contents of the Original Guidelines speak for themselves.

152. Defendants deny the allegations in paragraph 152 of the Complaint.

## COUNT SEVEN

## (VIOLATION OF ARTICLE II, § 15(C) OF THE OHIO CONSTITUTION

153. Defendants repeat and reallege their responses for the preceding paragraphs as though fully rewritten herein.

154. Defendants state that the allegations in paragraph 154 of the Complaint constitute legal arguments to which no response is required.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint, and on this basis, deny them.

156. Defendants deny the allegations in paragraph 156 of the Complaint.

157. All facts not specifically admitted heretofore are generally denied.

## AFFIRMATIVE DEFENSES

158. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 157 of the Complaint, as if set forth fully herein.

### Affirmative Defense

159. The Complaint fails to state a claim or cause of action against the Defendants for which relief may be granted.

WHEREFOR, the Defendants respectfully request that the Court deny the relief sought in the Complaint and award it other relief as this Court deems appropriate.

Respectfully submitted,

**FROST BROWN TODD LLC**

*/s/ Frank J. Reed, Jr.*
Frank J. Reed, Jr., Trial Attorney (0055234)
Stephen E. Chappelear (0012205)
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Tel:  (614) 464-1211
Fax:  (614) 464-1737
freed@fbtlaw.com
schappelear@fbtlaw.com
*Counsel for Defendants Governor Mike DeWine, Superintendent Paolo DeMaria, and the individual members of the State Board of Education of Ohio*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 27, 2020, a true and accurate copy of the foregoing *Answer to Plaintiffs' First Amended Verified Complaint* was served upon all counsel of record via this Court's electronic filing system.

                                                      */s/ Frank J. Reed, Jr.*
                                                      Frank J. Reed, Jr. Trial Attorney (0055234)

EN21236.Public-21236   4836-4255-1218