**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PLAIN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, ET AL.,** <br><br> Plaintiffs, <br><br> vs. <br><br> **MIKE DEWINE, ET AL.,** <br><br> Defendants, | **CASE NO. 2:19-CV-05086** <br><br> **JUDGE MICHAEL WATSON** |

## DEFENDANT VILLAGE OF HILLS AND DALES' ANSWER TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant, the Village of Hills and Dales (hereinafter "Defendant" or "Hills and Dales"), by and through undersigned counsel, hereby answers Plaintiffs' First Amended Verified Complaint for Declaratory and Injunctive Relief (hereinafter the "Complaint") as follows:

1. In regard to the allegations contained in Paragraph 1, Defendant admits Plaintiffs' Complaint seeks to challenge Ohio Revised Code 3311.242 and that Exhibit 1 to Plaintiffs' Complaint appears to be a true and accurate copy of O.R.C. 3311.242. Defendant denies all remaining allegations contained in Paragraph 1, specifically that O.R.C. 3311.242 is a "Fast-Track Transfer Statute."

2. Defendant denies the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4. Further, Defendant denies every statement or characterization in Paragraph 4 that is inconsistent with the terms of O.R.C. 3311.242; O.R.C. 3311.06; O.R.C. 3311.24; and O.A.C. 3301-89 *et seq*.

5. Defendant denies the allegations contained in Paragraph 5.

6. In regard to the allegations contained in Paragraph 6, Defendant admits O.R.C. 3311.242 does not "supersede" O.R.C. 3311.06; O.R.C. 3311.24; and O.A.C. 3301-89 *et seq*. Defendant denies all remaining allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8. Further answering, O.R.C. 3311.242 is a separate statute not required to follow O.R.C. 3311.06; O.R.C. 3311.24; or O.A.C. 3301-89 *et seq*.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. In regard to the allegations contained in Paragraph 14, Defendant admits a petition was submitted to the Plain Local School District requesting the transfer of Defendant's territory from the Plain Local School District to the Jackson Local School District pursuant to O.R.C. 3311.242 (hereinafter referred to as the "Petition"). Defendant denies for lack of knowledge or sufficient information the remaining allegations contained in Paragraph 14. Further

answering, the Supreme Court of Ohio previously determined the validity of Defendant's Petition in *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn*., Slip Opinion No. 2020-Ohio-40, ¶ 14, by finding Defendant's Petition, "on its face, is a transfer petition under R.C. 3311.242."

15. Defendant denies the allegations contained in Paragraph 15 as they relate to Defendant's Petition. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 19.

20. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant admits it "is an incorporated village located in Stark County, Ohio." Defendant denies the remaining allegations contained Paragraph 26.

27. Defendant denies the characterization of O.R.C. 3311.242 in Paragraph 27. Further answering, Defendant states it properly acted under O.R.C. 3311.242, a duly enacted Ohio statute. Defendant denies the remaining allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

**A. Defendant denies the allegations contained in subheading A of Plaintiffs' Complaint.**

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant admits the allegations contained in Paragraph 32.

33. Defendant admits it submitted a request to transfer from Plain Local School District to Jackson Local School District pursuant to O.R.C. 3311.24 and O.A.C. 3301.89 *et seq*. Defendant denies all remaining allegations contained in Paragraph 33.

34. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 34.

35. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 35.

36. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 36.

37. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 37.

38. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 38.

39. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 39.

40. Paragraph 40 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendant admits O.A.C. 3301-89-01(E) contains the fragmented-quoted language, but denies the characterization of the same. Further answering, Defendant submitted its Petition pursuant to O.R.C. 3311.242 and therefore, O.A.C. 3301-89-01(E) does not apply to the Petition.

41. Paragraph 41 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

42. Defendant denies the allegations contained in Paragraph 42. Further answering, the Supreme Court of Ohio determined the validity of Defendant's Petition in *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn.*, Slip Opinion No. 2020-Ohio-40, ¶ 14, by finding Defendant's Petition, "on its face, is a transfer petition under R.C. 3311.242."

**B. Defendant denies the allegations contained in subheading B of Plaintiffs' Complaint.**

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44, including the characterization that it attempted to "circumvent" O.R.C. 3311.06; O.R.C. 3311.24; and O.A.C. 3301-89 *et seq*. Further answering, the quoted language contained in Paragraph 44 comes from a written document that speaks for itself.

45. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 45.

46. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 46.

47. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 47.

48. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 48.

49. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 49.

50. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 50.

51. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 51.

52. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 52.

53. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 53.

54. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 54.

55. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 55.

56. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 56.

57. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 57.

58. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 58.

59. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 59.

60. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 60.

61. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 61.

62. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63 as they pertain to the letter. Further answering, Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies for lack of knowledge or sufficient information all remaining allegations contained in Paragraph 65.

66. Defendant admits the allegations contained in Paragraph 66.

67. Defendant admits the allegations contained in Paragraph 67.

68. Defendant admits the allegations contained in Paragraph 68.

69. In regard to Paragraph 69, Defendant admits Ohio Representative Scott Oelslager is the state representative for Ohio House District 48 and that he was the named primary sponsor of HB 166. Defendant denies any remaining allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

**C. Defendant denies the allegations contained in subheading C of Plaintiffs' Complaint.**

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. In regard to the allegations contained in Paragraph 76, Defendant admits O.R.C. 3311.242 does not "repeal" or "supersede" O.R.C. 3311.06; O.R.C. 3311.24; and O.A.C. 3301-89 *et seq*. Defendant denies all remaining allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant denies the allegations contained in Paragraph 81.

**D. Defendant denies the allegations contained in subheading D of Plaintiffs' Complaint.**

82. Defendant admits the allegations contained in Paragraph 82. Further answering, the Petition is a written document that speaks for itself. Further answering, the Supreme Court of Ohio previously determined the validity of Defendant's Petition in *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn.*, Slip Opinion No. 2020-Ohio-40, ¶ 14, by finding Defendant's Petition, "on its face, is a transfer petition under R.C. 3311.242."

83. Defendant admits the letter references O.R.C. 3311.242, but denies all remaining allegations contained in Paragraph 83. Further answering, the letter is a written document that speaks for itself.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 85.

86. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 86.

87. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 87.

88. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 88.

89. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 92.

93. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 93.

94. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 94.

95. Defendant denies the allegations contained in Paragraph 95.

96. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 96.

97. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 97.

98. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 98.

99. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

101. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 101.

102. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 102.

103. Defendant denies the allegations contained in Paragraph 103. Further answering, pursuant to O.R.C. 3311.242(H), the school district from which a territory is being transferred, the school district to which a territory is being transferred, and the township board of trustees are required to "execute an equitable division of the funds and indebtedness between the districts."

104. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 104. Further answering, pursuant to O.R.C. 3311.242(H), the school district from which a territory is being transferred, the school district to which a territory is being transferred, and the township board of trustees are required to "execute an equitable division of the funds and indebtedness between the districts."

105. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 105. Further answering, pursuant to O.R.C. 3311.242(H), the school district from which a territory is being transferred, the school district to which a territory is being transferred, and the township board of trustees are required to "execute an equitable division of the funds and indebtedness between the districts."

106. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 106. Further answering, pursuant to O.R.C. 3311.242(H), the school district from which a territory is being transferred, the school district to which a territory is being transferred, and the township board of trustees are required to "execute an equitable division of the funds and indebtedness between the districts."

107. Defendant denies the allegations in Paragraph 107 as they pertain to Defendant. Defendant denies for lack of knowledge or sufficient information the remaining allegations contained in Paragraph 107. Further answering, pursuant to O.R.C. 3311.242(H), the school district from which a territory is being transferred, the school district to which a territory is being transferred, and the township board of trustees are required to "execute an equitable division of the funds and indebtedness between the districts."

108. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 108. Further answering, any previous request to transfer school districts was pursuant to a different and distinct statute and not related to the within matter.

109. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 109.

110. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 110.

111. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 111.

112. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 112.

113. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 113.

114. Defendant denies for lack of knowledge or sufficient information the allegations contained in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115 as they pertain to Defendant. Defendant denies for lack of knowledge or sufficient information the remaining allegations contained in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116 as they pertain to Defendant. Defendant denies for lack of knowledge or sufficient information the remaining allegations contained in Paragraph 116.

117. Defendant denies the allegations and characterizations contained in Paragraph 117.

## COUNT ONE

118. As to Paragraph 118, Defendant restates and reincorporates the above paragraphs as if the same were fully rewritten herein.

119. Defendant denies the allegations contained in Paragraph 119. Further answering, the Fourteenth Amendment is a written document that speaks for itself.

120. Defendant denies the allegations contained in Paragraph 120.

121. Defendant denies the allegations contained in Paragraph 121.

122. Defendant denies the allegations contained in Paragraph 122.

123. Defendant denies the allegations contained in Paragraph 123.

124. Defendant denies the allegations contained in Paragraph 124.

125. Defendant denies the allegations contained in Paragraph 125.

## COUNT TWO

126. As to Paragraph 126, Defendant restates and reincorporates the above paragraphs as if the same were fully rewritten herein.

127. Defendant denies the allegations contained in Paragraph 127.

128. Defendant denies the allegations contained in Paragraph 128.

129. Defendant denies the allegations contained in Paragraph 129.

130. Defendant denies the allegations contained in Paragraph 130.

131. Defendant denies the allegations contained in Paragraph 131.

## COUNT THREE

132. As to Paragraph 132, Defendant restates and reincorporates the above paragraphs as if the same were fully rewritten herein.

133. Defendant denies the allegations contained in Paragraph 133. Further answering, the Ohio Constitution is a written document that speaks for itself

134. Defendant denies the allegations contained in Paragraph 134.

135. Defendant denies the allegations contained in Paragraph 135.

136. Defendant denies the allegations contained in Paragraph 136.

## COUNT FOUR

137. As to Paragraph 137, Defendant restates and reincorporates the above paragraphs as if the same were fully rewritten herein.

138. Defendant denies the allegations contained in Paragraph 138. Further answering, the Equal Education Opportunities Act is a written document that speaks for itself.

139. Defendant denies the allegations contained in Paragraph 139.

140. Defendant denies the allegations contained in Paragraph 140.

141. Defendant denies the allegations contained in Paragraph 141.

## COUNT FIVE

142. As to Paragraph 142, Defendant restates and reincorporates the above paragraphs as if the same were fully rewritten herein.

143. Defendant denies the allegations contained in Paragraph 143.

144. Defendant denies the allegations contained in Paragraph 144.

145. Defendant denies the allegations contained in Paragraph 145.

146. Defendant denies the allegations contained in Paragraph 146.

147. Defendant denies the allegations contained in Paragraph 147.

148. Defendant denies the allegations contained in Paragraph 148.

## COUNT SIX

149. As to Paragraph 149, Defendant restates and reincorporates the above paragraphs as if the same were fully rewritten herein.

150. Defendant denies the allegations contained in Paragraph 150.

151. Defendant denies the allegations contained in Paragraph 151.

152. Defendant denies the allegations contained in Paragraph 152.

## COUNT SEVEN

153. As to Paragraph 153, Defendant restates and reincorporates the above paragraphs as if the same were fully rewritten herein.

154. Defendant denies the allegations contained in Paragraph 154. Further answering, the Ohio Constitution is a written document that speaks for itself.

155. Defendant denies the allegations contained in Paragraph 155.

156. Defendant denies the allegations contained in Paragraph 156.

157. Defendant denies any and all allegations contained in Plaintiffs' Complaint not specifically denied in the Answers above.

## DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs lack standing because they have suffered no injury from Defendant's alleged conduct.

3. Plaintiffs' claims are not ripe and accordingly must be dismissed.

4. Plaintiffs fail to name all necessary and proper parties under Fed.R.Civ.P. Rule 19 and accordingly must be dismissed.

5. Plaintiffs' claims are barred by res judicata and collateral estoppel.

6. Defendant pleads independent, intervening, or superseding acts and omissions of others as a complete bar to this action.

7. Plaintiffs have failed to allege irreparable harm or any other basis upon which to receive any form of injunctive relief.

8. The Court lacks subject matter and personal jurisdiction over Plaintiffs' action.

9. Plaintiffs cannot prove any facts showing that Defendant's conduct, if any, was the proximate cause of any harm or damages alleged in the Complaint, which are denied.

10. All decisions and actions undertaken by Defendant, if any, were based upon legitimate and non-discriminatory reasons.

11. R.C. 3311.242 is a validly enacted Ohio statute.

12. The challenged law does not act contrary to the laws of the United States, the United States Constitution, Ohio, or the Ohio Constitution.

13. At no time were Plaintiffs deprived of equal protection of the law.

14. Similarly situated individuals have not been treated differently and any actions by Defendant, if any, were for a legitimate purpose.

15. Plaintiffs' claims are barred because they have suffered no harm.

16. Some or all of Plaintiffs' claims are barred by promissory estoppel, equitable estoppel, laches, and/or unclean hands.

17. Plaintiffs' claims must fail because Defendant is not receiving federal financial assistance or federal funds.

18. Additional facts may be revealed by future discovery that supports additional defenses presently available to, but unknown to, Defendant. Defendant therefore reserves the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

WHEREFORE, Defendant prays Plaintiffs' Complaint be dismissed; judgment be entered in favor of Defendant; and Defendant be awarded its costs, filing fees, attorney fees, and whatever relief this Court deems just and equitable.

Respectfully submitted,

*/s/ Scott M. Zurakowski*
Scott M. Zurakowski (0069040),
Owen J. Rarric (0075367),
Joseph J. Pasquarella (0087709), and
Amanda M. Connelly (0096835), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
szurakowski@kwgd.com; orarric@kwgd.com;
jpasquarella@kwgd.com; aconnelly@kwgd.com
ATTORNEYS FOR DEFENDANT, VILLAGE OF HILLS AND DALES

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of January 2020, a copy of the foregoing *Defendant Village of Hills and Dales' Answer to Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Scott M. Zurakowski*
>Scott M. Zurakowski (0069040)
>KRUGLIAK, WILKINS, GRIFFITHS
> & DOUGHERTY CO., L.P.A.
>ATTORNEYS FOR DEFENDANT, VILLAGE OF HILLS AND DALES